MARY ANTOINETTE BENEVENTO, as Administratrix, etc., of EGIDIO BENEVENTO, Deceased, Respondent, *v.* POERTNER MOTOR CAR COMPANY, Appellant.

*Motor vehicles — statutory action for death caused by defendant's automobile — whether chauffeur engaged in master's business at time of accident — judgment for plaintiff affirmed.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in New York county clerk's office on June 15, 1921, upon the verdict of a jury for $15,000 in a statutory action* to recover damages for the death of plaintiff's decedent alleged to have been caused by negligence of the defendant, and also from an order entered on June 28, 1921, denying a motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Smith, Page, Merrell and Greenbaum, JJ.; Clarke, P. J., and Greenbaum, J., dissenting.

* See Code Civ. Proc. § 1902 et seq. Now Decedent Estate Law, § 130 et seq., as added by Laws of 1920, chap. 919.— [REP.

CLARKE, P. J. (dissenting): I dissent from the affirmance of the order and judgment appealed from upon the ground that at the time of the accident the defendant's chauffeur was not engaged in, upon or about his master's business but was on an independent expedition of his own and for his own exclusive purposes. The defendant had show rooms and offices on the west side of Broadway between Fifty-sixth and Fifty-seventh street. It also had a store at Newark, N. J. The chauffeur who was driving the car at the time of the accident had been for a year and nine months employed by the defendant, not as a demonstrator, but for the purpose of moving its machines from one place to another, delivering them to purchasers, bringing them over from Newark, etc. On the morning of September 15, 1920, the chauffeur was ordered to go to the Newark branch and get an automobile and bring it back to the store. It was a Scripps-Booth sedan and it had been sold, and it was subsequently delivered, to the Woods Garage and Sales Company in Brooklyn. The chauffeur got the car and came back from New Jersey over the Forty-second Street ferry. He testified that he paid from his own pocket thirty-six cents for ferriage and when he had done that he found he had but four cents left in his pocket. It was about lunch time. He resided at No. 21 West One Hundred and Thirty-sixth street. He determined to go to his home and get some money for his lunch. After he got off the ferry he came through Forty-third street and over to Tenth avenue, up Tenth avenue to Seventy-first street, where Amsterdam avenue and Tenth avenue intersect, and up Amsterdam avenue to Eightieth street where the accident took place. This was about half past one o'clock in the afternoon. He was not married at that time and did not intend to get his lunch at home, but to get money. He said he usually lunched at Eighth avenue and Fifty-third street in a restaurant. Having been ordered to take the automobile to the store at Fifty-sixth street and Broadway, having proceeded over a mile north of that place on his way to his own home at One Hundred and Thirty-sixth street for his own purposes, it seems to me that at the time of the accident he was not engaged in his master's business and, therefore, the defendant was not responsible for his negligence. If a question of fact was presented upon this point the verdict, in my opinion, was against the weight of the evidence and the judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event. Greenbaum, J., concurs.

